## In re ELECTRO CHEMICAL EN-GINEERING CO., Inc.
### No. 14990.

United States District Court
W. D. Kentucky, at Louisville.
Jan. 27, 1954.

Robert E. Hatton, Louisville, Ky., for J. K. Scoggan.

Percy Brown, D. A. Sachs, Louisville, Ky., for Electromatic Engineering Co.

Matthew O. Henchey, Louisville, Ky., for the United States.

SHELBOURNE, District Judge.

November 4, 1953, Honorable Hite H. Huffaker, Referee in Bankruptcy, certified to this Court a Petition for Review filed by Robert E. Hatton on June 10, 1953, complaining that in an order entered by the Referee June 2, 1953, fixing the compensation of the petitioner as attorney for the trustee, the Referee had fixed the compensation at $1,000, which was so inadequate in view of the services rendered as to amount to caprice on the part of the Referee. In his certification the Referee does not state the facts and conclusions of law separately, but some of the essential facts certified by the Referee are that the Electro Chemical Engineering Company was adjudged bankrupt December 17, 1947 in an involuntary proceeding filed against it; that the first meeting of those creditors was held on January 26, 1948, at which time J. K. Scoggan was nominated and elected as trustee, and on the same date petitioned for the appointment of Robert E. Hatton as attorney for the trustee, which petition was granted and Hatton appointed.

There came to the hands of the trustee cash in the Bank of Louisville, $101.05, creditor's trust fund $659.98, and there was collected by the trustee from the bankrupt's accounts receivable, without suit, $658.29, an aggregate in these assets of $1,419.32. An additional amount of $6,258.03 constituted the entire assets that came to the hands of the trustee. $3,008.03 was voluntarily paid by the Electromatic Engineering Company and it paid an additional amount of $3,250 in settlement of all of its obligations to the bankrupt and in exchange for the payment there was assigned from the bankrupt to Electromatic Engineering Company all of the bankrupt's patents and patent rights.

From the foregoing, it appears that the total amount coming to the hands of the trustee and passing through his hands in liquidation of the bankrupt estate was $7,676.35. Claiming that his services as counsel for the trustee was in large part responsible for this fund, petitioner Robert E. Hatton requested in his petition for an allowance that he be allowed $50 expense, about which there seems to be no controversy, and an additional amount of $2,200 as a fee. The Referee allowed him the expense of $50 and a fee of $1,000.

There is attached to the petition of the petitioner an itemization of the

time spent and at first blush it appeared to the Court that the Referee had allowed counsel an inadequate amount. However, upon closer examination of the record, the Court has discovered that in petitioner's itemization he begins on June 10, 1947, claiming three hours for his attendance at a creditor's meeting and continues to charge on various dates various times spent, down to and including January 26, 1948, where he charges five hours attending the creditor's meeting, where apparently the trustee was elected and he for the first time on that date, at the conclusion of the meeting, became the trustee's attorney.

The statement shows that there are fifty-three hours claimed from June 10, 1947, through January 26, 1948. An examination of the transcript thereafter shows, for instance, that on January 26, 1948, he appeared at an adjourned meeting of creditors in this matter, at which time he was representing creditors. On April 26, 1948, he appeared at a meeting as representing the Republic Supply Company, a creditor shown by the record to be the largest of any creditor of the bankrupt, the claim amounting to $7,-376.29.

February 9, 1948, at the adjourned meeting of the creditors, it is shown by the transcript of the proceedings that at that time Robert E. Hatton appeared for certain creditors and that the trustee appeared pro se.

It is apparent that counsel's estimate of time spent includes time when he was in attendance at this bankruptcy matter before he acquired representation of the trustee by appointment, and that after his appointment as attorney for the trustee, he continued to represent creditors. This perhaps was not improper in view of the fact that the trustee's interest was for the unsecured creditors.

Without minutely examining the record which consists of seven large volumes and which would require detailed and minute examination, which the Court does not feel called upon to make, it is sufficient to say that insofar as the facts in the case are found by the Referee and insofar as they are ascertained by the Court from such examination of the record as I have been able to make, I think the amount allowed of $1,050 is sufficient.